UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-132-GWU

JANICE PARTIN, PLAINTIFF,

VS.  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Janice Partin brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

1

08-132  Janice Partin

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

08-132   Janice Partin

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist.

3

Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Partin, a 54-year-old former sewing machine operator with a high school education, suffered from impairments related to degenerative arthritis of the lumbar spine, a history of bunionectomy, a major depressive disorder, a dysthymic disorder, and anxiety.  (Tr. 471, 474).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 472-474).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 474-475).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 475).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the plaintiff's summary judgment motion and deny that of the defendant.

08-132 Janice Partin

The hypothetical question presented to Vocational Expert William Ellis included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to more than occasionally stoop or bend; (2) the need for a sit/stand at will option; (3) an inability to ever perform overhead reaching, gross manipulation or fine manipulation with the right hand; and (4) a "limited but satisfactory" ability to deal with or relate to co-workers, the public, interact with supervisors and relate predictably in social situations. (Tr. 1046-1047). In response, Ellis identified a significant number of jobs in the national economy which could still be performed. (Tr. 1048). The ALJ later added restrictions concerning the need to avoid prolonged standing and the use of pedals. (Id.). The witness testified that these additional limitations would not affect the previously cited job numbers. (Tr. 1049). Therefore, assuming that the vocational factors considered by Ellis fairly depicted Partin's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Partin was found capable of performing a restricted range of light level work in an administrative decision which became final on April 4, 2003.[1] (Tr. 14-25). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is

---

[1] This denial decision was affirmed by the court in February of 2005. Partin v. Barnhart, London Civil Action Number 04-149 (E.D. Ky 2005).

proved upon a subsequent application.  Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997).  Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ."  The ALJ's findings of a restricted range of light level work is in accord with these directives.

Dr. Talmadge Hays opined that Partin would be totally disabled.  (Tr. 1026). This an opinion reserved to the Commissioner under the federal regulations and, so, was not binding on the ALJ.  20 C.F.R. § 416.927(e)(1).  The ALJ's findings were essentially consistent with the opinions of Dr. Parandhamulu Saranga (Tr. 983-991) and Dr. David Swan (Tr. 992-1000), the non-examining medical reviewers. More severe physical restrictions were not identified by such treating and examining sources as Dr. Amr El-Naggar (Tr. 619-620), the staff at the Baptist Regional Medical Center (Tr. 621-626), and the staff at the Pineville Community Hospital (Tr. 627-639, 646-663).  Therefore, the ALJ dealt properly with the evidence of record relating to the plaintiff's physical condition.

The ALJ also dealt properly with the evidence of record relating to Partin's mental condition.  The staff at Cumberland River Comprehensive Care, the plaintiff's treating source, indicated that her functioning would be "slightly low" in such areas as societal/role functioning, interpersonal functioning, and daily

6

living/personal care functioning. (Tr. 819). The treating source repeatedly rated the claimant's Global Assessment of Functioning (GAF) to be above 60. (Tr. 810, 843, 866). Such a GAF suggests the existence of only "mild" psychological symptoms according to the American Psychiatric Association's <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th Ed.--Text Revision), p. 34. The ALJ's opinion was compatible with this opinion.

Partin argues that the ALJ erred in rejecting the opinion of Psychologist Crystal Sahner, a one-time examiner. Sahner opined that the plaintiff would be "markedly limited" in such areas as interacting with supervisors and fellow workers and in dealing with stress. (Tr. 645). The ALJ rejected this opinion because it was not consistent with the findings contained in the treatment records from Cumberland River, the treating source. (Tr. 473-474). This action was appropriate since a treating source is generally entitled to more weight than a one-time examiner. 20 C.F.R. § 416.927(d)(2).

Partin also asserts that a departure from mental limitations found by the prior ALJ would be required during the pertinent time frame because she was twice hospitalized for mental problems at Haven House. The record indicates that the plaintiff was treated at Haven House in December of 2004 (Tr. 774) and again in July of 2005 (Tr. 1006). At no time were more severe long-term mental restrictions than those found by the ALJ imposed. Treatment notes from Cumberland River indicated that her depression symptoms were improved following the stay in

08-132 Janice Partin

January of 2005. (Tr. 772). She was noted to have enjoyed her second stay at Haven House in August of 2005. (Tr. 1003). Therefore, the court finds no error.

The court notes that somewhat more severe mental restrictions than those found by the ALJ were imposed by Psychologists Larry Freudenberger (Tr. 945-447) and Jay Athy (Tr. 964-966), the non-examining medical reviewers. These opinions were also offset by that of the treating source. Therefore, substantial evidence supports this portion of the administrative decision.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 12th day of May, 2009.

Signed By:
*G. Wix Unthank*
**United States Senior Judge**